## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GAVIN SIEGEL,

                Plaintiff,

v.

JUUL LABS, INC., ALTRIA GROUP, INC.,
and PAX LABS, INC.,

                Defendants.

Case No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Juul Labs, Inc. ("JLI")

hereby removes this action, captioned *Gavin Siegel v. Juul Labs, Inc., et al.*, Case No.

2021L008222, from the Circuit Court of Cook County, Illinois, County Department, Law Division,

to the United States District Court for the Northern District of Illinois, Eastern Division. This

Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is

complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of

interest and costs. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because

the action necessarily raises a federal question.

By filing this Notice of Removal, JLI does not waive, and hereby reserves, any and all

objections to venue, personal jurisdiction, the legal sufficiency of the claims alleged in Plaintiff's

complaint, and all other objections and defenses. JLI reserves the right to supplement and amend

this Notice. Pursuant to 28 U.S.C. § 1446(a), JLI provides the following statement of the grounds

for removal:

## BACKGROUND

### I.     THIS ACTION

1.     Plaintiff Gavin Siegel commenced this action on August 16, 2021, in the Circuit Court of Cook County, Illinois, County Department, Law Division, which is within the district and division to which this case is removed.  28 U.S.C. § 93(a)(1).  As required under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the underlying state court action are attached as Exhibit A.

2.     In this civil action, Plaintiff asserts claims against Defendants based on the design, promotion, marketing, and sale of JUUL products.  Specifically, Plaintiff alleges that JLI "marketed its nicotine pods as safer than cigarettes" and "non-addictive" but "knew or should have known that its nicotine pods and e-cigarettes were not safe" and "were addictive."  Compl. at 2 ¶¶ 11–14. Plaintiff alleges that JUUL products injured, disfigured, and disabled him, inflicted pain and suffering upon him, caused him to suffer "a loss of enjoyment of a normal life," compelled him to incur medical and rehabilitative expenses, deprived him of earnings, and reduced his earning capacity.  *Id.* at 3 ¶ 24.

3.     Plaintiff asserts causes of action for strict liability and negligence against each of JLI, Altria Group, Inc., and Pax Labs, Inc.

4.     Plaintiff served JLI with process on August 25, 2021.  This notice is timely filed under 28 U.S.C. § 1446(b).

5.     Plaintiff served Pax Labs, Inc. ("Pax") with process on August 18, 2021, and served Altria Group, Inc. ("Altria") with process on August 19, 2021.

6.     Pax and Altria consent to removal.

7.      Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, the amount in controversy exceeds $75,000, exclusive of interest and costs, and all other requirements for removal have been satisfied.

8.      Removal is also proper pursuant to 28 U.S.C. § 1331 because this Court has subject matter jurisdiction over federal questions and Plaintiff's claims raise a substantial question of federal law.

9.      Pursuant to 28 U.S.C. § 1446(d), JLI will give written notice of the filing of this Notice of Removal to all parties of record in this matter and will file a copy of this Notice with the clerk of the state court in which this action was filed.

## II.     ONGOING MULTIDISTRICT PROCEEDINGS

10.      On October 2, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order which transferred lawsuits concerning the development, manufacture, labeling, and marketing of JUUL products and the alleged risks posed by those products to the Northern District of California for assignment to the Honorable William H. Orrick III for coordinated and consolidated pretrial proceedings.  Transfer Order, *In re: JUUL Labs, Inc., Mktg., Sales Practices, and Products Liab. Litig.*, MDL No. 2913 (J.P.M.L. Oct. 2, 2019), ECF No. 144.

11.      More than 260 actions raising factual issues similar to those raised in this case have already been transferred by the JPML to MDL No. 2913 from courts around the country.  These transferred actions include numerous cases removed to federal district courts on the grounds asserted herein.  Thousands of additional cases have been filed directly in the MDL.  In total, more than 2,600 substantially similar cases against JLI are currently pending in MDL No. 2913.

12.      In view of the substantial factual overlap between this action and the thousands of actions that have already been transferred and consolidated, JLI intends to notify the JPML that

this is another "tag-along" action that should be transferred to the Northern District of California for inclusion and coordination with MDL No. 2913.

## VENUE AND JURISDICTION

### I.     VENUE IS PROPER IN THIS COURT.

13.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 93(a)(1), 1391, 1441(a), and 1446(a) because the Circuit Court of Cook County, Illinois, County Department, Law Division, where the complaint was filed, is a state court within the Northern District of Illinois, Eastern Division.

### II.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, the amount in controversy exceeds $75,000, exclusive of interest and costs, and all other requirements for removal have been satisfied.

**A.      There Is Complete Diversity Of Citizenship Between Plaintiff And Defendants.**

15.     Upon information and belief, Plaintiff Gavin Siegel is a citizen of the State of Illinois. *See* Compl. at 1 ¶ 1.

16.     Defendant JLI is a Delaware corporation. Its principal place of business is in Washington, D.C.

17.     Defendant Altria Group, Inc., is a Virginia corporation. Its principal place of business is in Virginia.

18.     Defendant Pax Labs, Inc., is a Delaware corporation. Its principal place of business is in California.

19.     In sum, Plaintiff is a citizen of Illinois and Defendants are citizens of Delaware, Washington, D.C., and California.   Thus, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.     The Amount In Controversy Exceeds $75,000.**

20.     Under 28 U.S.C. § 1332, diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."   This requirement is met.

21.     A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 554 (2014).   "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the [removing] defendant's allegation." *Id.*  If a plaintiff challenges the amount in controversy alleged by the removing defendant, the removing defendant need only show "by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citation omitted).   "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938)).

22.     The complaint demands "an amount in excess of $50,0000.00" [sic], rather than a specific amount.  Compl. at 4, 7, 10, 13, 16, 19.  However, a full and fair reading of it confirms the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff asserts that, as a result of his use of JUUL products, he developed an addiction to vaping; he experienced respiratory and related illnesses, vomiting, diarrhea, and cough; he was admitted to a hospital with pneumonia, fever, and tachycardia (elevated heart rate); and he was admitted to a hospital a second

time with acute respiratory distress and hypoxia (inadequate oxygen).  Compl. at 2–3 ¶¶ 17–22.

Plaintiff seeks compensatory damages for his past, present, and future pain and suffering; his

disfigurement, disability, and loss of the enjoyment of a normal life; his past and future medical

and rehabilitative expenses; his lost earnings; and his reduced earning capacity.  Compl. at 3–4.

These and other allegations compel the conclusion that the amount in controversy exceeds the

jurisdictional minimum.

23.     Plaintiff is not entitled to damages or fees of any amount, but a fair reading of the

complaint describes an amount in controversy exceeding $75,000.

## III.   THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331.

24.     Removal pursuant to 28 U.S.C. § 1331 is also proper because this Court has subject

matter jurisdiction over federal questions and Plaintiff's lawsuit presents a federal question.

25.     Although Plaintiff purports to allege only state-law claims, the gravamen of his

claims—that Defendants allegedly advertised JUUL products in an improper or misleading manner

and that JUUL products are allegedly unsafe—is necessarily federal in character, and his right to

relief depends upon the resolution of substantial, disputed questions of federal law.  *See Grable &*

*Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (alleging only state-law

claim does not bar removal under federal question jurisdiction if "a state-law claim necessarily

raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may

entertain without disturbing any congressionally approved balance of federal and state judicial

responsibilities").  As the Supreme Court has held, "a federal court ought to be able to hear claims

recognized under state law that nonetheless turn on substantial questions of federal law, and thus

justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on

federal issues." *Id*. at 312. Plaintiff's claims require resolution of a substantial, disputed question of federal law and are properly litigated in federal court.

26.     Plaintiff's claims are based on the design, promotion, marketing, and sale of JUUL products. *See, e.g.*, Compl. at 2 ¶¶ 12–14; 3 ¶ 23; 6 ¶¶ 11–14, 7 ¶ 23. Plaintiff alleges that JUUL products were unreasonably dangerous and deceptively marketed. *See, e.g., id.* at 2 ¶¶ 12, 14; 3 ¶ 23.

27.     Plaintiff's claims necessarily raise a federal issue. The Federal Food, Drug, and Cosmetic Act, as amended by the Family Smoking Prevention and Tobacco Control Act ("TCA") and related implementing regulations, governs the labeling and advertising of JUUL products. *See, e.g.*, 21 U.S.C. §§ 387c, 387f(d)(1)–(2), 387g(a)(4)(C), 387p(2)(A), 387t(a)(1); 21 C.F.R. 1143.3(a)(1)–(2). To the extent that Plaintiff's lawsuit challenges the labeling and marketing of JUUL products as improper or misleading, such claims are necessarily federal in character.

28.     Moreover, the FDA is the federal agency charged with actively monitoring and evaluating the risks and benefits of JUUL products, including through its consideration of JLI's Premarket Tobacco Products Application ("PMTA"). *See, e.g.*, 21 U.S.C. § 387 note 12, 44 ("It is in the public interest for Congress to enact legislation that provides the Food and Drug Administration with the authority to regulate tobacco products and the advertising and promotion of such products. . . . The Food and Drug Administration is a regulatory agency with the scientific expertise to identify harmful substances in products to which consumers are exposed, to design standards to limit exposure to those substances, to evaluate scientific studies supporting claims about the safety of products, and to evaluate the impact of labels, labeling, and advertising on consumer behavior in order to reduce the risk of harm and promote understanding of the impact of the product on health."). Pursuant to the TCA, the FDA has the exclusive authority to assess

whether JUUL products are "appropriate for the protection of the public health." 21 U.S.C. §§ 387a, 387j(c)(2)(A). The finding as to whether the marketing of a tobacco product is "appropriate for the protection of the public health" is to be determined with respect to "the risks and benefits to the population as a whole," taking into account both "(A) the increased or decreased likelihood that existing users of tobacco products will stop using such products; and (B) the increased or decreased likelihood that those who do not use tobacco products will start using such products." 21 U.S.C. § 387j(c)(4).

29.     JLI recently submitted its PMTA to the FDA, which means that the agency will review all aspects of JUUL products, including their design, nicotine yield, labels, and flavors as well as JLI's marketing and plans to restrict underage access to its products. JLI expects the agency will determine within the next few months, in light of its review, whether JUUL products are "appropriate for the protection of the public health," 21 U.S.C. § 387j(c)(2)(A), and may continue to be sold in the United States. Submission of the PMTA triggers meticulous, multidisciplinary, science-driven assessments covering all relevant aspects of the design, manufacturing, risks, benefits, labeling, and marketing of the products at issue. In assessing JLI's PMTA, the FDA will evaluate JUUL products' delivery of nicotine, their potency, and the manner in which that information is reported. The allegations in this case necessarily raise issues that may be directly impacted by FDA approval and issuance of a marketing order, which would necessarily reflect the FDA's conclusions about the products' safety and labeling. *See* 21 U.S.C. § 387j(c)(2)(C).

30.     Congress has clearly assigned to the FDA the questions of whether JUUL products are appropriate for the protection of the public health or, as applicable, will present less risk to consumers than other tobacco products. 21 U.S.C. §§ 387j, 387k, 387p(a)(2). The scientific, medical, legal, and regulatory professionals who comprise the FDA's Center for Tobacco Products

will bring much-needed expertise to bear on this cutting-edge issue. In sum, the issues raised by this litigation are clearly and substantially federal issues.

31.     The "artful pleading" doctrine prevents a plaintiff from doing what Plaintiff attempts to do here: "avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003); *see also Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (The artful pleading doctrine "is an independent corollary to the well-pleaded complaint rule. Under this principle, even though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skills in hiding the federal question.") (internal quotation marks and brackets omitted); *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) ("The artful-pleading doctrine, a corollary to the well-pleaded-complaint rule, rests on the principle that a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law."); *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) ("Under the 'artful pleading' doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim."). The omissions of any mention of JLI's PMTA submission and the associated questions the FDA is poised to decide, which are also presented by this case, and Congress's determinations that the federal government's ability to regulate all aspects of tobacco products is necessary "to address comprehensively the public health and societal problems caused by the use of tobacco products" and that "[i]t is in the public interest for Congress to enact legislation that provides the Food and Drug Administration with the authority to regulate tobacco products and the advertising and promotion of such products," Pub. L.

No. 111-31, 123 Stat. 1776, 1777, do not obviate the federal questions inherent in Plaintiff's complaint.

32.     Moreover, "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim," as "'any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.'"  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475–76 (1998) (citations omitted). Although not the sole basis for federal-question jurisdiction, preemption is a major gating issue for this litigation, as well as MDL No. 2913.

33.     Accordingly, Plaintiff's complaint is removable to this Court under 28 U.S.C. § 1331 because it is federal in character; the right to relief depends upon the resolution of substantial, disputed questions of federal law; resolution of Plaintiff's claims would not disrupt the federal-state balance because this case will be transferred to the ongoing MDL; and federal jurisdiction may not be defeated by artful pleading.

## CONCLUSION

WHEREFORE, having met all conditions of removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, JLI hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Law Division, to this Court, and respectfully requests that no further proceedings be had in state court.

DATED:  September 3, 2021                    Respectfully submitted,

                                             /s/ *Renee D. Smith*
                                             Renee D. Smith
                                             KIRKLAND & ELLIS LLP
                                             300 North LaSalle
                                             Chicago, IL 60654
                                             Telephone:  (312) 862-2000
                                             renee.smith@kirkland.com

                                             *Attorney for Defendant Juul Labs, Inc.*

11